**FILED**
**MAY 27, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY POTTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0160 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JERRY POTTER. By his habeas application, petitioner challenges a prison disciplinary proceeding held April 18, 2007 at the Clements United in Potter County, Texas, wherein petitioner was found guilty of possession of contraband and punishment assessed included the loss of thirty (30) days previously accrued good time.[1] *See* No. 20070214612. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED.

---

[1] At the time he filed this habeas application, petitioner was in respondent's custody pursuant to a December 16, 2002 conviction out of Harris County, Texas, for the offense of burglary of a habitation with intent to commit theft, and the resultant 28-year sentence. *State v. Potter*, No. 883572. Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings is unnecessary as petitioner complains solely of the April 18, 2007 disciplinary proceeding.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal due process rights were violated with regard to the disciplinary proceeding in Case Nos. 20070214612 because:

1. Petitioner was denied the live testimony of requested witnesses at the disciplinary hearing and had to rely upon their written statements without direct examination;

2. There was insufficient evidence to support the guilty finding because he was found guilty based on false testimony;

3. He was denied effective assistance of counsel substitute; and

4. TDCJ-CID violated their own policies and procedures by a) holding petitioner's hearing 15 days after notification of the charges, b) not giving an explanation as to the denial of petitioner's requested witnesses, and c) utilizing witness statements at the hearing even though witnesses were not unavailable.

II.
MOOTNESS OF PETITION

On October 7, 2009, this Court forwarded to petitioner a copy of an Order substituting counsel for respondent. On October 13, 2009, the envelope containing such Order was returned to this Court with the stampmark "Returned to sender, Refused" and the handwritten notation "Parole." Inquiry to TDCJ-CID revealed petitioner was released to parole on March 9, 2009. Petitioner did not advise the Court of his release to parole, nor did he provide the Court with a change of address.

The only relief available to petitioner in this matter was the restoration of the 30-days previously accrued good time credits forfeited by the disciplinary action. As petitioner has been released and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for

parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to parole, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement and that such petition should be dismissed.

### III.
### MERITS

Even if this Court were to consider petitioner's claims, it appears relief would be denied. Petitioner did not adequately exhaust his administrative remedies as to certain claims and, thus, such claims are procedurally barred. Additional claims are conclusory and thus fail to state a cognizable claim for federal habeas corpus relief. Moreover, it appears petitioner was provided with all of the due process procedures mandated by *Wolff v. McDonald*, 418 U.S. 539, 556-70 (1974). Further, there is some evidence in the record to support the finding of the disciplinary hearing officer. Lastly, although such claims are not cognizable on federal habeas review, it does not appear that any violations of TDCJ-CID policy and procedure denied petitioner a fair hearing or that any errors committed had a substantial and injurious effect of influence in determining the hearing's outcome.

### IV.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JERRY POTTER be DISMISSED as moot.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of May 2010.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).